UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SHEPARD,

        Plaintiff,        CASE NUMBER: 09-10457
                                  HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ORDER GRANTING THE GOVERNMENT'S MOTION AND DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Patricia Shepard, a former employee of the Transportation Security Administration ("the TSA"), sued the United States of America under the Federal Tort Claims Act ("the FTCA"), 28 U.S.C. §§ 1346(b), 2671-80 and the Family Medical Leave Act ("the FMLA"), 29 U.S.C. §§ 2601 et seq. On May 8, 2009, the Government moved to dismiss Plaintiff's suit (Dkt. #15).

Plaintiff's Third Amended Complaint alleges multiple injuries, all of which occurred in the course of her employment.

The Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq., is the exclusive means of recovery for federal employees concerning all work-related injuries, whether physical or emotional. *See* 5 U.S.C. § 8116(c); *McDaniel v. United States*, 970 F.2d 194, 196-97 (6th Cir. 1992); *Jones v. Tenn. Valley Auth.*, 948 F.2d 258, 265 (6th Cir. 1991); *McCall v. United States*, 901 F.2d 548, 549 (6th Cir.), *cert. denied*, 498 U.S. 1012 (1990). The statute is clear that Plaintiff must seek redress through administrative channels, and the Secretary of Labor's decisions are not subject

to review in federal court.  5 U.S.C. §§ 8121, 8128.  Since Plaintiff's claims are preempted by FECA, the Court is without jurisdiction to review them.

Plaintiff's claims relating to the terms and conditions of her employment are also preempted by the Aviation and Transportation Security Act ("the ATSA"), Pub. L. No. 107-71, § 101, 115 Stat. 597 (2001).  Section 111(d) of the ATSA is "a catchall provision giving the TSA Administrator significant discretion over the employment of security screeners."  *Am. Fed'n of Gov't Employees Local 1 v. Stone*, 502 F.3d 1027, 1030 (9th Cir. 2007).

> Courts that have analyzed the ATSA and its legislative history have found that –
>
> the "plain text of Section 111(d) clearly signals Congress's intention to grant the [Administrator] authority to design a personnel management system for airport security screeners, to include or not include at the [Administrator's] discretion provisions of other federal personnel laws, including those in the FAA's personnel management system in 49 U.S.C. § 40122(g)."

*Conyers v. Rossides*, 558 F.3d 137, 146 (2d Cir. 2009) (*quoting Am. Fed'n of Gov't Employees TSA Local 1 v. Hawley*, 481 F. Supp. 2d 72, 85 (D.D.C. 2006)) (alterations in *Conyers*).  These courts hold that section 111(d) precludes judicial review of TSA employment decisions, unless the plaintiff raises colorable constitutional claims.  *See generally Conyers*, 558 F.3d at 144-45 (citing cases).  *See also Stone*, 502 F.3d at 1036 (*citing Webster v. Doe*, 486 U.S. 592 (1988)).

After Plaintiff was terminated, she appealed her removal to the TSA Disciplinary Review Board, which affirmed the decision.  Under the ATSA, the Court cannot review the TSA's decision to terminate Plaintiff unless she states a colorable constitutional claim.  Plaintiff's Third Amended Complaint fails to do so, and therefore, the Court is

without jurisdiction to review her employment-related claims.

Finally, Plaintiff's FMLA claims are untimely. The FMLA requires that suits be brought "not later than 2 years after the date of the last event constituting the alleged violation," or within three years if the plaintiff alleges willful conduct. 29 U.S.C. § 2617(c). Plaintiff alleges the Government wrongfully recorded her as absent without leave on September 16, 2004, and January 2-3, 2005, when she was ill and required extended medical treatment. Plaintiff initiated this action on December 22, 2008, after the statutory deadline, and thus her claims are time-barred.

The Court cannot hear Plaintiff's claims, either because it lacks jurisdiction or because they are time-barred. The Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's complaint in its entirety.

**IT IS ORDERED**.

 /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 1, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Patricia Shepard by electronic means or U.S. Mail on September 1, 2009.

s/Linda Vertriest
Deputy Clerk

3