UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SHEPARD,

        Plaintiff,        CASE NUMBER: 09-10457
                                       HONORABLE VICTORIA A. ROBERTS

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTIONS FOR: (1) STAY OF DISMISSAL PENDING APPEAL; (2) RECONSIDERATION; AND (3) RECUSAL**

Plaintiff Patricia Shepard, a former employee of the Transportation Security Administration ("the TSA"), sued the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 and the Family Medical Leave Act ("the FMLA"), 29 U.S.C. §§ 2601 et seq. On September 1, 2009, the Court dismissed Plaintiff's suit in its entirety.

Before the Court are three motions filed on September 15, 2009, in which Plaintiff requests the Court to: (1) reconsider the order of dismissal (Dkt. #31); (2) stay dismissal of Plaintiff's action (Dkt. #32); and (3) recuse itself (Dkt. #33).

Plaintiff's motions are **DENIED**.

**I.    ANALYSIS**

    **A.    Motion for Reconsideration**

A court may grant reconsideration under Fed. R. Civ. P. 59(e) if it finds: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*,

428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  In addition, this Court–

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. R. 7.1(g)(3).  A "palpable defect" is one which is obvious, clear, unmistakable, manifest, or plain.  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (*citing Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).

Plaintiff's motion for reconsideration reiterates her allegations, but does not provide newly discovered evidence or cite an intervening change in controlling law.  Plaintiff claims the Court erred in applying the law, and that denying her claims violates several federal statutes and the United States Constitution.  However, the very laws invoked by Plaintiff dictate that her claims be dismissed as preempted or untimely.

For instance, Plaintiff argues the Court should apply the continuing violations doctrine when tolling the statute of limitations on her FMLA claims.  The continuing violations doctrine allows plaintiffs to recover for time-barred conduct "as long as the untimely incidents represent an ongoing unlawful employment practice."  *AMTRAK v. Morgan*, 536 U.S. 101, 107 (2002) (quotation omitted).  However, there is no legal precedent for applying the continuing violations doctrine to FMLA claims.  *See Tafelski v. Novartis Pharms.*, No. 05-71547, 2007 U.S. Dist. LEXIS 22847, at *12 (E.D. Mich. Mar. 28, 2007) (Hood, J.) (unpublished).  In any case, the events giving rise to Plaintiff's

2

FMLA claims occurred between September 2004 and January 2005. Thus, under the statute of limitations, Plaintiff should have brought her claims by January 2008 at the latest, not in December 2008. 29 U.S.C. § 2617(c) (FMLA claims must be filed within two years of the last event, or three years if willful conduct is alleged).

Plaintiff also argues the Court should apply equitable tolling, because the Office of Personnel Management ("OPM") and others either negligently or willfully delayed her administrative claims until June 2007, causing her claims to be filed after the statutory deadline. To prevail on an equitable tolling claim, a plaintiff must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Ragheed Akrawi v. Booker*, 572 F.3d 252, 261 (6th Cir. 2009) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Federal courts have typically extended equitable relief only sparingly." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005).

Assuming OPM's processing delay qualifies as an extraordinary circumstance, Plaintiff waited over a year after OPM's decision to file her FMLA claim in federal court. Plaintiff gives no reason for this delay, and thus she cannot demand equitable tolling.

Upon review, the Court finds no palpable defect in the order dismissing Plaintiff's action. The Court also finds no clear error or intervening change in the law, and no other ground upon which to grant reconsideration under Rule 59(e).

**B.     Motion for Stay**

Plaintiff moves to stay the court's judgment pending appeal. The Court dismissed Plaintiff's suit and denied her motion to reconsider; therefore, there is no action before the Court that can be stayed.

**C.      Motion for Recusal**

Judicial recusal may be sought under 28 U.S.C. § 144 or § 455. Either way, the motion is committed to the sound discretion of the district court. *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997). The court's determination hinges on whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999) (*quoting Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990), *cert. denied*, 498 U.S. 980 (1990)). This inquiry is an objective one, and "is not based on the subjective view of a party." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989).

Under 28 U.S.C. § 144, a judge must recuse herself when a party files a "timely and sufficient affidavit" alleging "personal bias or prejudice" against the affiant or in favor of the adverse party. "[A] motion to disqualify under § 144 requires a showing of actual bias." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004). Facts stated with particularity must be taken as true, but assertions of a conclusory nature are not enough. *Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341, 352 (6th Cir. 2007); *Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980).

By contrast, 28 U.S.C. § 455 requires a judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(a), (b)(1). The burden of proof on a § 455 motion for recusal is lighter than under § 144, and only requires showing that a fully-informed, reasonable person would doubt the Court's impartiality. *Hartsel*, 199

4

F.3d at 820.

Under both 28 U.S.C. §§ 144 and 455, recusal must be predicated upon "extrajudicial conduct rather than on judicial conduct." *Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988) (quotation omitted). Furthermore, a disqualifying bias "must be a personal bias as distinguished from a judicial one[,] arising out of the judge's background and association and not from the judge's view of the law." *Id.* at 1356 (*quoting United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983)) (other quotations omitted). As the Sixth Circuit explained in *Wheeler v. Southland Corp.*,

> "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."

875 F.2d 1246, 1251-52 (6th Cir. 1989) (*quoting United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1965)) (other internal citations omitted).

As evidence of the Court's bias against her, Plaintiff cites "constant delays" in processing her case, including the fact that the Court took three months to rule on Defendant's motion to dismiss. A three-month delay in ruling on a motion is not extraordinary, especially when the issue at stake is whether to dismiss a case altogether.

Plaintiff also suggests that, in denying her motion for limited discovery and granting the TSA's motion to dismiss, the Court exhibited an improper propensity to defer to the executive branch. The fact that Plaintiff disagrees with the Court's legal rulings does not establish that the Court's decisions are the product of bias.

Finally, Plaintiff complains there was no discussion of settlement during the conference which took place before the Court on August 27, 2009.  However, the Court's notice to the parties clearly stated this was a status and scheduling conference, not an opportunity to negotiate a settlement.  (*See* Dkt. #22.)

After review, the Court finds that Plaintiff's motion and affidavit fail to establish actual bias, *Hoffman*, 368 F.3d at 718, and would not cause a reasonable person to doubt the Court's impartiality, *Hartsel*, 199 F.3d at 820.

## II.    CONCLUSION

Plaintiff fails to meet the legal threshold on her motions for reconsideration and recusal.  Since the lawsuit is dismissed, Plaintiff's motion to stay fails as well.  Therefore, the Court **DENIES** Plaintiff's motions.

**IT IS ORDERED**.


                                                      s/Victoria A. Roberts
                                                      Victoria A. Roberts
                                                      United States District Judge

Dated:  September 18, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Patricia Shepard by electronic means or U.S. Mail on September 18, 2009.

s/Linda Vertriest
Deputy Clerk

6